**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo Leon Brown,<br><br>  Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>  Defendants. | No. CV-17-00377-TUC-DCB<br><br>**ORDER** |

On November 19, 2018, Defendant Jacobs filed a Motion for Summary Judgment alleging the Plaintiff failed to exhaust administrative remedies prior to filing this law suit. The Prisoner Litigation Reform Act (PLRA) requires administrative exhaustion, except in certain circumstances where remedies may be rendered effectively unavailable. *See* ((Order (Doc. 31) at 4-5) (denying Motion to Dismiss for failure to exhaust without further development of the record)). On November 21, 2018, the Court issued a warning to the Plaintiff that he is required pursuant to Rule 56 of the Federal Rules of Civil Procedure to file a response to the Motion for Summary Judgment and that failure to respond may be treated by this Court as consent to the granting of the motion. (Order (Doc. 75)). The Plaintiff was directed to file his Response by December 21, 2018. He did not file a Response. Instead, on January 22, 2019, the Plaintiff filed a Motion for Appointment of Legal Counsel and Enlargement of Time. (Doc. 77.)

The Court refers the Plaintiff to its prior Order, issued on June 27, 2018, denying a previous request for appointment of counsel. Nothing has changed in respect to the

analysis for appointment of counsel in respect to the merits of the case. Plaintiff has established that he is sufficiently capable of communicating his arguments to the Court to represent himself at this point in the litigation. Specifically, he responded to the Motion to Dismiss and prevailed. He has sought discovery from the Defendant, and in addition to his current request for counsel, he explains that some limited discovery is necessary before he can file a Response to the Motion for Summary Judgment.

The Court notes that on November 19, 2018, it struck Plaintiff's filing with the Court of discovery requests he had served on Defendant Jacobs because discovery documents are not appropriately filed with the Court. Only a Notice of Service of discovery is filed. (Order (Doc. 72)). The Court directed that both parties should answer each other's discovery requests. A review of the docket reflects that neither party has filed a Notice of any responsive discovery, which may be because this Court granted a Motion to Continue Discovery filed by the Defendants for 30 days following disposition by this Court of Defendant Jacobs Motion for Summary Judgment. The Court is now persuaded that some limited discovery is necessary before the Plaintiff can file a Response to the Motion for Summary Judgment on the issue of exhaustion.

The Defendant shall provide the Plaintiff with copies of any of his informal or formal grievances and grievance responses that Defendant did not attach to the Motion for Summary Judgment beginning 30 days prior to Plaintiff's June 22, 2016 transfer to Rynning Unit and through to 30 days after the transfer. Plaintiff may serve no more than 10 interrogatories, including all discrete parts, on Defendant Jacobs relevant to the question of exhaustion and/or whether any grievance process was effectively unavailable. Thereafter, the Plaintiff shall file his Response to the Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that the Motion for Appointment of Legal Counsel (Doc. 77) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Enlargement of Time (Doc. 77) is GRANTED as follows: 1) Plaintiff shall have 30 days to serve no more that 10

interrogatories, including subparts, on Defendant Jacobs; 2) Defendant Jacobs shall have 14 days to answer the interrogatories and shall file a Notice of Response to Interrogatories with the Court; 3) Defendant Jacobs shall provide Plaintiff with copies of any grievances and responses as directed herein within 14 days of the filing date of this Order; 4) Plaintiff shall file a Response to the Motion for Summary Judgment by June 5, 2019, and 5) failure to file a Response may result in the Court granting the Motion for Summary Judgment and NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

Dated this 11th day of February, 2019.

_____
Honorable David C. Bury
United States District Judge