WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Lorenzo Leon Brown,

    Plaintiff,

v.

Charles Ryan, et al.,

    Defendants.

No. CV-17-00377-TUC-DCB

**ORDER**

On March 8, 2019, the Defendants filed a Motion for Clarification of the case management schedule in this case. The Court agrees that clarification is needed, and it follows.

Plaintiff filed this case on August 1, 2017. The Court screened the First Amended Complaint and ordered it served on all the Defendants. The Plaintiff's claims involve allegations that Dr. Goodman, a doctor for Corizon, changed his high blood pressure medicine which caused him various bad side effects and failed to control his blood pressure, and Corizon nurse Sweetapple refused to allow him to see a doctor in respect to these problems. He filed related grievances which were denied by Corizon nurse Watson, and his appeal of her denials were denied by Jacobs and Ryan. Plaintiff also alleges a retaliation claim against Defendants Watson and Jacobs because he was moved to a different, higher custody prison yard three days after he personally spoke to them about his grievances.

Defendants answered the First Amended Complaint, and Defendant Jacobs filed a

Motion to Dismiss the retaliation claim on the ground that the Plaintiff failed to exhaust available administrative remedies. The Court denied the motion because the exhaustion issue could not be decided on the face of the First Amended Complaint. (Order (Doc. 31)). The Court clarified that Count Three was a First Amendment retaliation claim; Counts One and Two were Eighth Amendment medical care claims. (Order (Doc. 43)).

The Court issued the Case Management Scheduling Order on April 25, 2018, affording 6 months for discovery commencing with the Order resolving the question of exhaustion, (Scheduling Order (Doc. 18)), and stayed all discovery pending resolution of the Motion to Dismiss. (Order (Doc. 23)). Discovery began: June 1, 2018.

The Plaintiff has repeatedly filed his actual discovery in the case, requiring this Court to strike these filings. *See e.g.* (Order Doc. 65) at 4 (striking Plaintiff's Interrogatories and Request for Production of Documents). To be clear, "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P.5(d)(1). The Court strikes the following discovery from the record: Plaintiff's First Request for Production (Doc. 49); Plaintiff's Response to Defendant's Response to Plaintiff's First Request for Production (Doc. 58), and Plaintiff's Response to Defendants' Requests for Production (Doc. 80). All that is required is a Notice of Service of Discovery. *See e.g.* (Ds' Notice (Doc. 66)). This rule is important because it is not the Court's responsibility to peruse each discovery response and objection. The parties are responsible for bring discovery disputes that need to be resolved by the Court forward by motion after they have met and conferred in good faith to resolve them.

On November 19, 2018, Defendant Jacobs reurged by Motion for Summary Judgment his argument that the retaliation claim, Count Three, should be dismissed because Plaintiff failed to exhaust available administrative remedies. The Court gave the Plaintiff notice that he must file a Response or run the risk of the motion being summarily granted. The Court set the deadline for the Response on December 21, 2018. (Order (Doc.

75)). On November 27, 2018, the Court extended the discovery deadline related to the merits of the retaliation claim to be: "30 days following this Court's ruling on the exhaustion question. (Order (Doc. 76)). Defendants also brought it to the Court's attention that Defendant Goodman had failed to file an Answer or propound discovery and sought an extension. The Court allowed 60 days for the parties to conduct discovery related to the claims against Defendant Goodman. *Id.* The Court held that "all other discovery is closed."[1] *Id.* at 2.

On February 11, 2019, the Court reconsidered and allowed limited additional discovery for the Plaintiff because it was necessary before he could file a Response to Jacobs' Motion for Summary Judgment: Exhaustion. The Court ordered the Defendant to provide the Plaintiff with copies of his informal or formal grievances and grievance responses that were not attached to the Motion for Summary Judgment "beginning 30 days prior to Plaintiff's June 22, 2016 transfer to Rynning Unit and through to 30 days after the transfer." (Order Doc. 78) at 2.) The Court allowed the Plaintiff 30 days to serve no more than 10 interrogatories, including all discrete parts, on Defendant Jacobs relevant to the question of exhaustion. *Id.* The Court allowed 14 days for responses and set the deadline for Plaintiff to file the Response to Jacob's Motion for Summary Judgment: June 5, 2019. *Id.* at 3. On February 25, 2019, the Defendants filed a Notice of Compliance that they had served the grievance documents on the Plaintiff.

On March 8, 2019, Defendants filed the Motion for Clarification of the pending case management dates. The Court has reviewed the status of the case and vacates all the existing deadlines. The Court reflects that Count III, the retaliation claim, has delayed the remainder of this case, which are the medical claims raised in Counts One and Two. The Plaintiff now has all the discovery needed to file a Response to Jacobs' Motion for Summary Judgment: Exhaustion. Following a ruling by the Court on the question of exhaustion, if the claim remains the Court has ruled that it will allow 30 more days for the parties to complete discovery going to the merits of the retaliation claim. Also remaining

---

[1] Discovery ended December 1, 2018.

is 60 days of discovery related to claims against Goodman. The Court agrees that clarification is necessary.

**Accordingly,**

**IT IS ORDERED** that the Motion for Clarification (Doc. 82) is GRANTED.

**IT IS FURTHER ORDERED** that the existing case management deadlines are vacated, and reset as follows:

1. Discovery is closed, with the exception of discovery going to the merits of the retaliation claim and the claim against Defendant Goodman.
2. The Plaintiff shall file the Response to Jacobs' Motion for Summary Judgment: Exhaustion within 30 days of the filing date of this Order or by April 13, 2019.
3. Discovery related to claims against Goodmann shall be completed within 90 days of the filing date of this Order or by May 13, 2019.
4. All dispositive motions on the merits of the claims shall be due within 30 days of this Court's ruling on the currently pending dispositive motion, Jacob's Motion for Summary Judgment: Exhaustion.
5. The Joint Pretrial Order shall be filed within 30 days of this Court's disposition of the dispositive motions going to the merits of the claims.

**IT IS FURTHER ORDERED** that the Plaintiff's discovery documents are STRICKEN as follows: Plaintiff's First Request for Production (Doc. 49); Plaintiff's Response to Defendant's Response to Plaintiff's First Request for Production (Doc. 58), and Plaintiff's Response to Defendants' Requests for Production (Doc. 80). All that is required is a Notice of Service of Discovery. PLAINTIFF SHALL NOT FILE

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  DISCOVERY REQUESTS OR DISCLOSURES MADE BETWEEN THE PARTIES
2  UNLESS IT IS AS AN ATTACHMENT TO A MOTION RELATED TO A DISCOVERY
3  DISPUTE.
4      Dated this 13th day of March, 2019.

_____
Honorable David C. Bury
United States District Judge