**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo Leon Brown, | No. CV-17-00377-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff filed this action on August 1, 2017, and filed the First Amended Complaint on October 24, 2017. The Court screened the First Amended Complaint and ordered it serviced by the United States Marshal. Defendants, except Defendant Goodman, answered, and Defendant Jacobs filed a Motion to Dismiss Count III, retaliation, based on exhaustion. The Motion to Dismiss was denied, but the exhaustion argument was reurged by Defendant Jacobs on summary judgment and granted. (Order (Doc. 88)). Count III, retaliation, remains as alleged against Defendant Watson. (Order (Doc. 43) at 2.) Counts One and Two remain as alleged against all Defendants, except Defendant Watson is not named in Count One. (Order (Doc. 43) at 2.)

On April 25, 2018, the Court issued a case management scheduling Order allowing approximately six months for discovery, commencing upon disposition of the Motion to Dismiss based on exhaustion. (Order (Doc. 18); Order (Doc. 23)). The Court ruled on the Motion to Dismiss, denying it on June 1, 2018. Discovery commenced. On November 19, 2018, Defendant Jacobs filed the Motion for Summary Judgment (Doc. 73): Exhaustion,

| | |
|---|---|
| 1 | and on November 27, 2018, the Court extended the dispositive motions deadline on the |
| 2 | merits of the retaliation claim against Jacobs to after resolution of the exhaustion motion, |
| 3 | (Order (Doc. 76)).  The Court noted that all discovery had closed, except for discovery |
| 4 | related to claims against Defendant Goodman, who had inadvertently filed to Answer.  The |
| 5 | Court allowed 60 days for discovery related to the claims against Goodman.  *Id.* |
| 6 | On March 13, 2019, the Court granted Defendants' Motion for Clarification and |
| 7 | vacated all the existing case management deadlines and reset them so that the litigation |
| 8 | might uniformly proceed under one schedule.  The Court noted that all discovery had |
| 9 | ended, with the exception of the discovery going to the merits of the retaliation claim |
| 10 | against Jacobs should he fail to prevail on summary judgment and the Goodman discovery. |
| 11 | The Court allowed 90 days or until May 13, 2019, for the parties to complete the Goodman |
| 12 | discovery; this discovery is ended.  Given summary judgment has been granted for Jacobs |
| 13 | on the retaliation claim, there is no need for further discovery there.  As noted by the Court |
| 14 | on November 27, 2018, all other discovery has ended.  (Order (Doc. 83)). |
| 15 | The Court also ordered that all dispositive motions on the merits of the claims shall |
| 16 | be due within 30 days of this Court's ruling on the Motion for Summary Judgment: |
| 17 | Exhaustion.  *Id.* The Court issued its ruling on July 23, 2019, accordingly, dispositive |
| 18 | motions are due by August 23, 2019. Because of the rather convoluted path this case has |
| 19 | taken towards resolution on the merits, for clarity the Court resets the due date for |
| 20 | dispositive motions. |
| 21 | **Accordingly,** |
| 22 | **IT IS ORDERED** that all discovery is ended in this case and dispositive motions |
| 23 | are due by: **September 30, 2019.** |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | |

**IT IS FURTHER ORDERED** that the Joint Pretrial Order is due by **October 30, 2019,** or in the event dispositive motions are filed the Pretrial Order is due **within 30 days after the Court rules on the dispositive motions.** *See* (form of PTO).

Dated this 25th day of July, 2019.

_____
Honorable David C. Bury
United States District Judge