**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo Leon Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-17-00377-TUC-DCB<br><br>**ORDER** |

On September 13, 2019, Plaintiff filed a Motion for Appointment of Counsel (Doc. 90) and a Dispositive "Motion on Court Order: There are no Administration Directors Orders in the Dept. of Corrections in the Matter of Retaliation by the Director of Department of Corrections Wardens: Reconsideration and Review (Doc. 91). Both motions pertain to the Court's granting of the Motion for Summary Judgment filed by Defendant Jacobs on November 19, 2018, which alleged the Plaintiff failed to exhaust Count 3. (Doc. 73.)

In Count III, Plaintiff alleged that he was transferred to a higher custody prison yard three days after he spoke to Defendant, Nurse Watson about his medical issues, which he had previously discussed with Deputy Warden Jacobs at an earlier, unspecified time. He claimed he was transferred in retaliation for filing grievances and threatening litigation. After the Court denied a Motion to Dismiss based on exhaustion, Defendant Jacobs reurged exhaustion through a Motion for Summary Judgment.

The Prisoner Litigation Reform Act (PLRA) mandates exhaustion of administrative

remedies prior to suit for all inmate claims "brought with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion of all remedies for all claims is a prerequisite to suit. *Booth v. Churner*, 532 U.S. 731, 739-741 (2001); *Porter*, 534 U.S. at 524. There are, however, instances where remedies may be rendered effectively unavailable and a prisoner is excused from the PLRA exhaustion requirement. *See, e.g., McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (threat of retaliation can render grievance process effectively unavailable and excuse a prisoner's failure to exhaust); *Nunez v. Duncan*, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered administrative remedies "effectively unavailable"); *Marella v. Terhune*, 568 F.3d 1024, 1027–28 (9th Cir. 2009) (per curiam) (remedies unavailable if prisoner does not have access to the necessary grievance forms).

The Court granted summary judgment for Defendant Jacobs because she presented evidence that there was an administrative remedy available to the Plaintiff, and he failed to present any evidence to create a material genuine issue of fact that his attempts to exhaust administrative claims were thwarted by prison officials. (Order (Doc. 88) at 5-7.)

To the extent the Plaintiff's recent motions argue that the Court ruled on Jacob's Motion for Summary Judgment without allowing him sufficient discovery, the Court notes that prior to the filing of the dispositive motion, the Court issued an Order responsive to the Plaintiff's "Motion the Court to Object to the defendant's request for Production and Non-uniform interrogatories . . ." (Motion (Doc. 67) at 2), ordering the following:

> 1) Plaintiff shall have 30 days to serve no more tha[n] 10 interrogatories, including subparts, on Defendant Jacobs; 2) Defendant Jacobs shall have 14 days to answer the interrogatories and shall file a Notice of Response to Interrogatories with the Court; 3) Defendant Jacobs shall provide Plaintiff with copies of any grievances and responses as directed herein within 14 days of the filing date of this Order; 4) Plaintiff shall file a Response to the Motion for Summary Judgment by June 5, 2019, and 5) failure to file a Response may result in the Court granting the Motion for Summary Judgment and NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

(Order (Doc. 78) at 2-3.)

In short, the Court ensured that the Plaintiff had an opportunity to gather evidence to support his claim against Defendant Jacobs, especially the Court required the Defendant to provide Plaintiff with copies of grievances and responses filed during the relevant time period and/or related to the retaliation claim. *See* (Defendant Notice of Compliance (Doc. 81)). It now appears that Plaintiff never tendered the interrogatories. (Doc. 87) at 3.) On July 23, 2019, the Court granted Defendant Jacob's Motion for Summary Judgment and dismissed Count 3. (Order (Doc. 88).)

The Court turns to the Plaintiff's recently filed motions. To the extent he seeks reconsideration of the Court's grant of summary judgment for Defendant Jacobs on the retaliation claim, Count 3, it is denied. Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992). Such problems rarely arise, *id.,* and have not arisen here.

The remainder of the Plaintiff's arguments in the two recently filed motions pertains to reasons why the Court should appoint counsel. The advanced nature of this case reflects that the Plaintiff is capable of communicating his arguments to the Court. The Court reviewed his Response to the Motion to Dismiss (Doc. 25), a motion upon which he prevailed. The Court reviewed his Response to the Motion for Summary Judgment. (Doc. 86.) Both reflect that he can sufficiently represent himself during the

dispositive motion phase of the case. As his two recent motions reflect, he is capable of asking for clarification when needed as to how to proceed.

There is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986). Having considered both elements, it does not presently appear that exceptional circumstances exist that require the appointment of counsel.

The Plaintiff seeks clarification from the Court as to how to proceed at this point in the case. Discovery has closed in the case. Dispositive motions are due September 30, 2019. He may file a dispositive motion by this date, and he must file a Response to any dispositive motion filed by any Defendant. The Court will issue a more instructive Order, in the event any Defendant files a dispositive motion.

**Accordingly,**

**IT IS ORDERED** that the Motion for Appointment of Counsel (Doc. 90) is DENIED.

**IT IS FURTHER ORDERED** that the Motion on Court's Order . . . Reconsideration (Doc. 91) is DENIED.

Dated this 27th day of September, 2019.

Honorable David C. Bury
United States District Judge